UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-107-RLV
(5:99-cr-12-RLV-6)

| | |
|---|---|
| FLOYD JUNIOR POWELL, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.     BACKGROUND**

On March 7, 2001, Petitioner was convicted in this Court of one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count One); and one count of possession with intent to distribute cocaine base, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2 (Count Seven). (Crim. Case No. 5:99-cr-12-RLV-6, Doc. No. 296: Judgment). This Court sentenced Petitioner to concurrent terms of 240-months' imprisonment on Counts One and Seven. (Id.). Petitioner appealed, and the Fourth Circuit affirmed in an unpublished opinion. United States v. Powell, 38 F. App'x 140 (4th Cir. 2002) (unpublished).

On November 4, 2002, Petitioner filed a Section 2255 motion to vacate, which this Court

1

denied and dismissed on the merits on December 1, 2004. (Crim. Case No. 5:02-cv-138-RLV, Doc Nos. 1; 30). The Fourth Circuit subsequently dismissed Petitioner's appeal. <u>United States v. Powell</u>, 175 F. App'x 637 (unpublished). Petitioner then filed numerous other motions, seeking relief from his judgment, and each of these motions was dismissed as an unauthorized, successive Section 2255 petition. <u>See</u> (Civil Nos. 5:05-cv-14-RLV, 5:12-cv-108-RJC, 5:13-cv-30-RLV, 5:14-cv-94-RLV, 5:14-cv-7-RLV, 5:14-cv-94-RLV).

On May 26, 2016, the Fourth Circuit denied a motion filed by Petitioner seeking authorization to raise a claim under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). (Crim. Case No. 5:99-cr-12-RLV-6, Doc. No. 636). Petitioner placed the instant Section 2255 petition in the prison system for mailing on June 9, 2016. Petitioner purports to assert various claims for relief from his sentence, including a claim for relief under <u>Johnson</u>.

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

Petitioner filed the instant motion to vacate on June 9, 2016, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 5:99-cr-12-RLV-6. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence, and this Court denied the motion to vacate on the merits and with prejudice. Thus, this is a successive petition.

2

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Indeed, as noted, the Fourth Circuit has expressly denied Petitioner's motion for authorization to file a successive petition in order to raise his Johnson claim. Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

**IV. CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell,

537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 21, 2016

Richard L. Voorhees
United States District Judge